UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

*MS. S., individually and as parent and* )
*legal guardian of BS, a minor,* )
                                      )
      *Plaintiff* )
                                      )
*v.* )     No. 2:13-cv-453-JDL
                                      )
*REGIONAL SCHOOL UNIT 72,* )
                                      )
      *Defendant* )

***RECOMMENDED DECISION ON MOTION TO DISMISS COUNTERCLAIM***

The plaintiff in this Individuals with Disabilities Education Act (IDEA) appeal moves to dismiss the counterclaim asserted against it by the defendant for attorney fees. Plaintiff's Motion to Dismiss Defendant's Counterclaim ("Motion") (ECF No. 10). I recommend that the motion be denied.

The statute at issue provides, in relevant part:

> (B) Award of attorneys' fees. (i) In general. In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
>
>   (I)    to a prevailing party who is the parent of a child with a disability;
>
>   (II)    to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
>
>   (III)    to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if

1

> the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i).

The defendant filed an answer in this case that includes a counterclaim seeking an award of attorney's fees under this portion of the statute. Answer and Counterclaim (ECF No. 8) at 15-18.

### I. Discussion

#### A. Rule 13

The plaintiff argues, Motion at 2, that the defendant's claim for attorney fees is barred by Federal Rule of Civil Procedure 13, which describes both compulsory and permissive counterclaims as claims that a defendant has "against an opposing party." Fed. R. Civ. P. 13(a) & (b). The counterclaim at issue asserts a claim only against the plaintiff's attorney, who is not a party to the case. Answer and Counterclaim at 15-18. The plaintiff cites *Hawkins v. Berkeley Unified Sch. Dist.*, 250 F.R.D. 459 (N.D. Cal. 2008), in support of her position. Motion at 2.

The defendant responds that the statute both authorizes the claim and allows it to be brought in the same proceeding as the substantive claims. Opposition to Plaintiff's Motion to Dismiss Counterclaim ("Opposition") (ECF No. 12) at 2-4. This argument has some initial appeal. The statute says that the court "may award reasonable attorneys' fees as part of the costs" "[i]n any action or proceeding brought under this section" "to a prevailing part who is a State educational agency or local educational agency against the attorney of a parent" who files certain types of complaints or causes of action or for an improper purpose. 20 U.S.C. § 1415(i)(3)(B).

Thus, attorney fees may be awarded "in" this action, but that does not necessarily mean that the award may only be made upon a counterclaim. Attorney fees are often sought as part of the relief sought by a party without the assertion of a separate claim, when such an award is made available by statute. The defendant's argument also ignores the statutory language making recoverable attorney fees "part of the costs" awarded to a prevailing party. Costs need not be sought via a separate count or claim in a pleading.

That said, I do not find the analysis in *Hawkins* to be persuasive, particularly as it makes only a glancing reference to the language of the statute, 250 F.R.D. at 462-63. Too much time and effort has been devoted to this dispute over the form of a demand for a clearly authorized form of relief. I note that the plaintiff herself includes in her complaint a separate count demanding an award of attorney fees under the same statute, Complaint (ECF No. 1) ¶¶ 71-73. I see no harm in leaving both the complaint and the answer as they currently stand. There is no point in requiring the parties to submit amended pleadings. There is no doubt that both parties seek an award of attorney fees under section 1415 and that both are entitled to seek such an award under the statute. Requiring amended pleadings would not only be an empty exercise, but it would also require the court to declare the remainder of the plaintiff's motion to dismiss moot, whereupon the plaintiff would undoubtedly refile it after the defendant tendered an amended answer.

### B. The Merits

For essentially the same reasons, the court should not dismiss the counterclaim on its merits. In addition, any ruling on the merits at this point in the proceeding would be premature. The plaintiff filed the instant motion more than two months before filing her brief on the merits of her appeal, suggesting that she seeks to resolve the question of the availability of an award of attorney fees to the defendant before the court considers the substance of that appeal. That cart-

before-the-horse approach lacks merit. At the court's current state of familiarity with the administrative record and the arguments of the parties on the merits in this case, barring either side's statutory claim for an award of attorney fees would be inappropriate.

Finally, reading the counterclaim as required in connection with a motion to dismiss, giving the defendant the benefit of all reasonable inferences to be drawn from the counterclaim as alleged, *e.g., Chittenden Trust Co. v. Cabot*, No. 04-144-P-H, 2004 WL 2287763, at *1 (D. Me. Oct. 12, 2004), demonstrates that the defendant's attorney fee claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I cannot recommend that the court rule otherwise as a matter of law on the showing made.

## II. Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to dismiss the defendant's counterclaim be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 31st day of July, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge