## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MS. S., individually and as parent and legal guardian of BS, a minor | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| REGIONAL SCHOOL UNIT 72 | ) Case No. 2:13-cv-453-JDL ) ) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
## DEFENDANT'S COUNTERCLAIM

The United States Magistrate Judge filed his Report and Recommended Decision (ECF No. 27) on July 31, 2014. The plaintiff, Ms. S., filed an Objection to the Report and Recommended Decision (ECF No. 28) on August 18, and the defendant, Regional School Unit 72 ("school district"), filed its Response on September 2 (ECF No. 29). The Report and Recommended Decision concluded and recommended that the motion to dismiss should be denied. ECF No. 27. For the reasons I will explain, I conclude that the motion to dismiss should be granted, but that the grant of the motion is without prejudice to the school district's right to request attorney's fees at the conclusion of this case as permitted by local rule.

### I. FACTS AND PROCEDURAL BACKGROUND

This case involves a claim brought against the school district by Ms. S. under the Individuals with Disabilities in Education Act ("IDEA"), alleging the school district denied her child, BS, a free, appropriate public education. *See* ECF No. 1. In her IDEA action, Ms. S. raised certain claims that appear to be untimely, as measured

against the applicable statute of limitations.  ECF No. 10 at 6; ECF No. 12 at 5.  She argued that her claims were within an exception to the statute of limitations because the school district had made "specific misrepresentations" that prevented her from filing a timely claim.  ECF No. 10 at 6.  After Ms. S. requested a due process hearing, the hearing officer found in part for the school district and in part for Ms. S. on the issue of whether BS had received a free, appropriate public education, and also ruled that the specific misrepresentation exception to the statute of limitations did not apply to Ms. S.'s remaining claims.  ECF No. 1 at 16-17.

Ms. S. filed a complaint in this court challenging various portions of the hearing officer's decision.  ECF No. 1 at 2.  In response, the school district filed a counterclaim for attorney's fees against Ms. S.'s attorney and his law firm.  ECF No. 8 at 15, 18.  The counterclaim, brought pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) (2012), alleges that Ms. S.'s assertion of the specific misrepresentation exception to the statute of limitations was frivolous.  *Id.* at 17.  Ms. S. moved to dismiss the counterclaim, arguing that it was improperly filed under Federal Rule of Civil Procedure 13, and that it fails to state a claim and should be dismissed pursuant to Rule 12(b)(6).  ECF No. 10 at 1.

## II. DISCUSSION

### A.  Plaintiff's Motion to Dismiss the Counterclaim as Improperly Filed Under Rule 13

At issue is the proper procedural vehicle for the school district to assert a claim for attorney's fees against plaintiff's attorneys pursuant to section 1415(i)(3)(B)(i).  The school district contends that a counterclaim pursuant to Rule 13 is appropriate

because section 1415(i)(3)(B)(i) of the IDEA provides that a prevailing party may seek fees against the attorney of a parent "*[i]n any action* or proceeding brought under this section. . . ."[1]  *Id.* (emphasis added).  Ms. S. responds that Rule 13 only authorizes counterclaims against an "opposing party," and that her attorneys are not parties.[2] She argues that if the school district wishes to seek fees against her attorneys it must do so at the close of this action "as part of the costs."  ECF No. 28 at 2.

The apparent conflict between Rule 13 and section 1415(i)(3)(B)(i) has not been addressed in this Circuit, but at least two federal district courts have addressed the

---

[1]  Section 1415(i)(3)(B)(i) provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
> (I)     to a prevailing party who is the parent of a child with a disability;
> (II)    to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III)   to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

[2]  Federal Rule of Civil Procedure 13 provides, in pertinent part:

> (a) Compulsory Counterclaim.
>     (1) *In General.* A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
>         (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>         (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>     (2) *Exceptions.* The pleader need not state the claim if:
>         (A) when the action was commenced, the claim was the subject of another pending action; or
>         (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.
> (b) Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

issue and reached opposite conclusions. *See Hawkins v. Berkeley Unified School Dist.*, 250 F.R.D. 459 (N.D. Cal. 2008) (concluding that Rule 13 barred a counterclaim for attorney's fees brought solely against a non-party attorney under section 1415(i)(3)(B)(i)(II), reasoning that Rule 13 only contemplates counterclaims against existing parties to the action); *Taylor P. v. Missouri Dep't of Educ. and Secondary Educ.*, 2007 WL 2360061 (W.D. Mo. Aug. 14, 2007) (permitting a defendant school district to counterclaim for attorney's fees against both the plaintiff parent and the parent's non-party attorneys).

I conclude that Rule 13 does not permit the school district to prosecute a counterclaim against attorneys who are not parties to the action. Rule 13 unambiguously provides for counterclaims exclusively against an "opposing party." Plaintiff's attorneys are not parties to this action, *see* ECF No. 1 at 1-2, and the school district has made no attempt to join them. *See* Fed. R. Civ. P. 13(h). The plain language of Rule 13 bars the pursuit of a counterclaim against Ms. S.'s attorneys.

I am also not persuaded by the school district's additional argument that section 1415(i)(3)(B)(i) has somehow superseded Rule 13's requirements in the context of IDEA cases. While I agree with the school district that Ms. S.'s case constitutes an "action" for the purposes of section 1415(i)(3)(B)(i), the word "action" does not implicitly negate the requirements of Rule 13.

My conclusion that the school district may not maintain a counterclaim against the plaintiff's attorneys who are not parties to the action does not mean that the school district is prevented from seeking attorney's fees against them in this action.

If the school district can establish both its prevailing party status and the frivolity of Ms. S.'s claims at the conclusion of this case, it may move for an assessment of legal fees against Ms. S.'s attorneys in accordance with Local Rule 54.2.[3] *See Doe v. Regional School Unit No. 21*, 2013 WL 5232248 (D. Me. Sept. 16, 2013) (awarding attorney's fees under section 1415(i)(3)(B)(i)(I) in a Local Rule 54.2 motion); *Regional School Unit 51 v. Doe*, 920 F. Supp. 2d 168 (D. Me. 2013) (noting that requests for attorney's fees and costs in an IDEA action should be made pursuant to Local Rules 54.2 and 54.3).

## B.     Plaintiff's Motion to Dismiss Pursuant to Rule 12(b)(6)

Because I grant plaintiff's motion to dismiss the school district's counterclaim on the above grounds, I decline to reach the issue of whether the counterclaim should be dismissed for failure to state a claim under Rule 12(b)(6). The dismissal of the counterclaim is without prejudice to the school district's right to seek attorney's fees authorized by 20 U.S.C. § 1415(i)(3)(B)(i)(II) and Local Rule 54.2.

---

[3] D. Me. R. 54.2 provides:

> An application for attorneys' fees in those cases in which fees have been contracted for or in any case in which no notice of appeal to the Court of Appeals has been filed shall be filed within 30 days of the expiration of the time for filing a timely appeal.

> An application for fees in all other cases shall be filed within 30 days of the filing of the appellate mandate providing for the final disposition of any appeal to the Court of Appeals. A claim for fees filed before the final disposition of any appeal to the Court of Appeals shall have no effect and a new application must be filed within the prescribed time as described herein.

> The foregoing notwithstanding, any application for fees under 42 U.S.C. §406(b) in a Social Security appeal pursuant to 42 U.S.C. §405(g) that results in a remand under either sentence four or six of 42 U.S.C. §405(g) shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof.

For the foregoing reasons, I decline to adopt the Magistrate Judge's Recommended Decision. Therefore, the plaintiff's motion to dismiss is **GRANTED**.

**SO ORDERED**.

/s/Jon D. Levy
U.S. District Judge

Dated this 16th day of October, 2014.