UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MS. S., individually as parent and legal guardian of BS, a minor | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| REGIONAL SCHOOL UNIT 72, | ) Case No. 2:13-cv-453-JDL ) ) |
| Defendant. | ) |

ORDER ON THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

I. INTRODUCTION

This case concerns a claim under the Individuals with Disabilities in Education Act, 20 U.S.C.A. § 1400 *et seq.* ("IDEA"). Plaintiff Ms. S., on behalf of herself and her child, BS, has filed suit against Regional School Unit 72 (the "District"), seeking judicial review of a hearing officer's decision on her IDEA due process claim, which was largely favorable to the District. *See* ECF No. 1. Magistrate Judge John H. Rich III issued a Report and Recommended Decision on November 29, 2014, recommending that the hearing officer's decision be affirmed. ECF No. 31 at 32. Ms. S. objected. ECF No. 32. I review the Magistrate Judge's recommendation *de novo*. *See* 28 U.S.C.A. § 636(b). After careful consideration, I adopt the conclusions of the Magistrate Judge that the two-year limitations period of Maine Unified Special Education Regulation ("MUSER") § XVI.13.E is valid; that Ms. S. does not qualify for the exception to this limitations period contained in MUSER § XVI.13.F; and that BS

received a free appropriate public education ("FAPE") in the eleventh and twelfth grades.

## II. DISCUSSION

### A. The Validity of MUSER § XVI.13.E

The first central disagreement between the parties concerns the validity of MUSER § XVI.13.E, which imposes a two-year limitations period on the filing of certain due process claims. The District argues, and the Magistrate Judge determined, that the limitations period applies to Ms. S.'s case, thus barring Ms. S.'s claims regarding BS's ninth and tenth grade years. Ms. S. contends that the limitations period is void as improperly promulgated under the Maine Administrative Procedure Act ("MAPA"), 5 M.R.S.A. § 8001 *et seq*.

The history of § XVI.13.E's promulgation is complex. In 2009, MUSER contained a four-year limitations period both in § XVI.13.E,[1] which governs the time in which a parent must file a due process complaint, and § XVI.5.A.2,[2] which controls how far back a claim may extend from the date a parent discovers an IDEA violation. 05-071-101 ME. CODE. R. §§ XVI.5.A.2, XVI.13.E (LexisNexis 2009). The IDEA sets

---

[1] This version of § XVI.13.E read:

> A parent or agency must request an impartial hearing on their due process hearing request within four years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the due process hearing request.

[2] This version of § XVI.5.A.2 read:

> The due process hearing request must allege a violation – whether it is a State or federal cause of action under IDEA – that occurred not more than four years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the due process hearing request.

2

these respective limitations periods at two years, and states may differ if they so choose. *See* 20 U.S.C.A. § 1415(f)(3)(c); 34 C.F.R. § 300.507(a)(2). In December of 2009, the Maine Department of Education ("MDOE") published a notice of rule-making which read that "pursuant to the Department's intent to not exceed minimum federal requirements . . . the statute of limitations for due process hearings [in MUSER] will be changed to the federal standard of two years[.]" Maine Dep't of Educ., Proposed Rule Number 2009-P336 (Dec. 2, 2009), *available at* http://www.maine.gov/sos/cec/rules/notices/2009/120209.htm. However, the version of the MUSER regulations submitted to the Legislature for approval with this notice did not reflect a proposed change to § XVI.13.E. Maine Dep't of Educ., Maine Unified Special Education Regulation, Birth to Age Twenty, Proposed for Provisional Adoption, November 2009, 171 (2009). Instead, the § XVI.13.E limitations period remained at four years, but the § XVI.5.A.2 period was reduced to two years.[3] *Id*. at 161, 171. These provisions, with changes not implicated here, were approved by the Legislature in April 2010. Resolves 2009, ch. 200.

Following the legislative approval of § XVI.13.E's four-year limitations period, however, the MDOE appears to have unilaterally revised it to be a two-year period in its published "Final Adoption" of the MUSER regulations. Maine Dep't of Educ., Maine Unified Special Education Regulation, Birth to Age Twenty, Final Adoption

---

[3] This version of § XVI.5.A.2 read:

> The due process hearing request must allege a violation that occurred not more than two years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the due process hearing request.

3

2010, 162 (2010). Later in 2010, the MDOE submitted another notice of proposed rule-making, which was silent on any limitations periods. Maine Dep't of Educ., Proposed Rule Number 2010-P309 (Nov. 17, 2010), *available at* http://www.maine.gov/sos/cec/rules/notices/2010/111710.html. However, the version of MUSER submitted for legislative approval following this notice included the two-year version of § XVI.13.E. Maine Dep't of Educ., Maine Unified Special Education Regulation Birth to Age Twenty, Proposed Revisions, November 2010, 165 (2010). This occurred again in 2011 and 2012 – MDOE did not highlight a two-year § XVI.13.E in its notices, but nonetheless included the text in the versions of MUSER sent to the Legislature for approval. *See* Maine Dep't of Educ., Proposed Rule Number 2011-P240 (Nov. 9, 2011), *available at* http://www.maine.gov/sos/cec/rules/notices/2011/110911.html; Maine Dep't of Educ., Proposed Rule Number 2012-P262 (Oct. 31, 2012), *available at* http://www.maine.gov/sos/cec/rules/notices/2012/103112.html; Maine Dep't of Educ., Maine Unified Special Education Regulation Birth to Age Twenty, Fall 2011 Proposed, 162 (2011); Maine Dep't of Educ., Maine Unified Special Education Regulation Birth to Age Twenty, Fall 2012 Proposed, 174-75 (2012). These proposed revisions were adopted by the Legislature. Resolves 2011, chs. 39, 134.

The Magistrate Judge concluded that these subsequent actions satisfied the requirements of MAPA, because the two-year text of § XVI.13.E was technically made

available with the notices and was included in the text approved by the Legislature, if not highlighted. ECF No. 31 at 16-17. I adopt his analysis on this point.[4]

However, this conclusion is also supported by evidence regarding the Legislature's intent when it acted on the Department of Education's MUSER proposals in 2010. Courts seek to give effect to legislative purpose, "avoiding results that are absurd, inconsistent, unreasonable or illogical." *State v. Niles*, 585 A.2d 181, 182 (Me. 1990). "A court can even ignore the literal meaning of phrases if that meaning thwarts the clear legislative objective." *Id.*; *see also Doe v. Regional School Unit 26*, 2014 ME 11, ¶ 15, 86 A.3d 600. This is an instance in which the Legislature's objective — to change MUSER's due process limitations period in 2010 to two years to more closely track federal regulations — is abundantly clear.

The Commissioner of the MDOE testified before the Legislature that the purpose of certain MUSER rule changes was to align MUSER with federal standards, and presented a chart of proposed changes noting that the "statute of limitations for due process hearings will be changed to the federal standard of two years." ECF No. 25-4 at 1, 4. Other witnesses, including Ms. S.'s counsel in this case, submitted testimony to the Legislature debating the propriety of shortening the limitations period for due process hearings. *See* ECF No. 25-6 at 3; ECF No. 25-7 at 2-3; ECF No. 25-8 at 1. After debate, the Joint Standing Committee on Education and Cultural

---

[4] One of Ms. S.'s principal objections to the Magistrate Judge's reasoning on this issue is that, by including the two-year § XVI.13.E in its submissions but neglecting to highlight the change, the MDOE undermined the spirit of MAPA requirements by making it more difficult for the public to receive notice of the change. *See* ECF No. 32 at 5. However, I note that in the 2012 adoption of MUSER changes, the MDOE highlighted certain stylistic changes to § XVI.13.E, which would have called public attention to the section's two-year limitation period. *See* Maine Dep't of Educ., Maine Unified Special Education Regulation, Birth to Age Twenty, Fall 2012 Proposed, 174-75 (2012).

5

Affairs published a report of its committee vote, noting that, by a vote of seven to five, "[t]he statute of limitations for due process hearings is changed to the federal standard of two years." ECF No. 25-11 at 2.

Despite these unequivocal expressions of what was intended, the Legislature's objective was seemingly thwarted by the omission of the two-year period from the text of § XVI.13.E approved in April of 2010. Neither party offers a logical explanation for this omission apart from the obvious explanation that it was an unintended omission.[5] As a result, the Legislature approved a version of MUSER that created an inconsistency between two previously parallel provisions of law – §§ XVI.5.A.2 and XVI.13.E – and was contrary to the MDOE's and the Committee's stated purpose for the changes.

To fail to construe MUSER as approved in April 2010 in accordance with the Legislature's intent produces an illogical result. Read separately, XVI.13.E would provide that parents may wait four years to file a due process claim once they discovered an IDEA violation, but § XVI.5.A.2 would mandate that they could only complain about the two year period prior to their discovery of the violation. This scheme would give parents more time to take an action within their control – the filing of a due process complaint – yet restrict their rights with respect to a factor farther outside of their control – the discovery of a due process violation. To avoid an

---

[5] Ms. S. cites to a "Procedural Safeguards" appendix attached to the regulations submitted to the Legislature in January 2010 for the proposition that "the Maine Department of Education confirmed its intent" to have a two-year § XVI.5.A.2 and a four-year § XVI.13.E. ECF No. 22 at 20. The argument here appears to be that the omission of the two-year § XVI.13.E could not have been unintentional if the same omission is repeated in the appendix. Without more evidence on this point, the stronger inference is that the appendix simply parroted any omission in the proposed regulations.

6

illogical result that is contrary to clear expressions of legislative intent, § XVI.13.E and § XVI.5.A.2, as adopted in April 2010, must be construed holistically as having established a two-year limitations period.

B.  **The Application of MUSER § XVI.13.F**

In his Recommended Decision, the Magistrate Judge found that § XVI.13.F of the MUSER regulations, the so-called "specific misrepresentations exception," contains an intentionality requirement. ECF No. 31 at 20. Applying the exception, so construed, to Ms. S.'s case, the Magistrate Judge found that Ms. S. had not presented sufficient evidence that the misrepresentations made to her by the District were intentional. *Id*. at 23. I adopt the Magistrate Judge's reasoning and recommendation on both these points.

In her objection to the Recommended Decision and at oral argument, Ms. S. stressed that two particular statements regarding BS's IDEA eligibility should be read as intentional misrepresentations. *See* ECF No. 32 at 10. First, Ms. S. claims, the District "represented to Plaintiff that her son's eligibility for services had to be terminated due to a lack of 'adverse effect on academic scores.'" *Id*. (quoting R. 1367, 1372). Next, Ms. S. asserts that the District "represented to Plaintiff . . . that BS did not qualify for special education in June 2009 due to a lack of evidence of 'adverse effect of his working memory within his academics.'" *Id*. (citing R. 1371).

These claims are not borne out by the record. In each instance, the District's statement about BS's academic performance as it related to his IDEA qualification was made in the context of a much broader discussion which also touched on BS's

7

language skills, memory skills, social and emotional needs, and mental health. *See* R. 1367-68; 1370-72. Read in context, a more accurate characterization of the statements is that the District told Ms. S. that BS did not qualify for IDEA *in part* because of his academic performance. The two statements do not justify Ms. S.'s claim that the District misrepresented the law by wrongly claiming that IDEA eligibility hinged solely on academic, and not functional, performance. *See* ECF No. 32 at 9-11.

C. **Whether BS Received a FAPE in his Eleventh and Twelfth Grade Years**

The Magistrate Judge found that BS received a FAPE in his eleventh and twelfth grade years. ECF No. 31 at 30, 32. I agree with the Magistrate Judge, and adopt his reasoning.

D. **Attorney's Fees**

Ms. S.'s objection to the Recommended Decision reiterates her request for attorney's fees and expenses. ECF No. 32 at 20. Any party's request for attorney's fees should be made in a motion under Local Rule 54.2. *See* ECF No. 30 at 5; *Doe v. Regional School Unit No. 21*, 2013 WL 5232248 (D. Me. Sept. 16, 2013).

### III. CONCLUSION

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is **ADOPTED**. The hearing officer's decision is **AFFIRMED**.

**SO ORDERED.**

Dated: March 31, 2015            /s/ Jon D. Levy
                                                U.S. District Judge