UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MS. S.,** individually and as a parent and legal guardian of B.S., a minor,  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**REGIONAL SCHOOL UNIT 72,**  )<br>)<br>**Defendant.**  )  | 2:13-cv-00453-JDL |

**ORDER ON THE MAINE DEPARTMENT OF EDUCATION'S MOTION TO INTERVENE**

This case is on remand from the U.S. Court of Appeals for the First Circuit. *See* ECF No. 46. Moving forward, there are two primary questions presented for decision: First, whether the Maine Department of Education (the "Department") complied with the Maine Administrative Procedure Act, 5 M.R.S.A. § 8001 *et seq.* (2016), when it adopted certain amendments to the Maine Unified Special Education Regulation ("MUSER") in 2010 relating to the statute of limitations for bringing due process complaints pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400, *et seq.* (2016). Second, whether B.S., the son of plaintiff Ms. S, received a free and appropriate public education, as required by the IDEA, during his ninth grade year (2009-2010) and his tenth grade year (2010-2011).

The Maine Department of Education (the "Department") seeks permissive intervention regarding both issues pursuant to Federal Rule of Civil Procedure 24(b)(2)(B). ECF No. 51. As to the first issue, the Department argues that it has an

interest in the litigation because the case "goes to the heart of an executive agency's rulemaking authority." *Id.* at 2. As to the second issue, the Department contends that it is "uniquely positioned" to provide relevant evidence. *Id.* Ms. S objects to the Department's proposed intervention as untimely. ECF No. 54.

Federal Rule of Civil Procedure 24(b)(2)(B) governs permissive intervention in a case when sought by a government officer or agency. It states:

> On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on . . . (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(b)(2)(B).

A district court has the discretion to grant or deny a motion for permissive intervention under Rule 24(b), and, if it grants such a motion, may impose conditions on its grant of the motion. 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1922 (3d ed. 2007); *see also Walsh v. Walsh,* 221 F.3d 204, 213 (1st Cir. 2000) ("The court did not abuse its discretion either by limiting intervention or by allowing intervention despite the advanced state of the litigation."); *In re New Motor Vehicles Canadian Export Antitrust Litigation,* 225 F.R.D. 62, 63 (D. Me. 2004) (recognizing "that courts sometimes have granted a motion to intervene, and at the same time have limited the intervenor to certain parts of the main lawsuit.").

Ms. S. contends that the Department's motion to intervene is untimely. ECF No. 54. The Department asserts, however, that neither party advised it, nor could it have foreseen, that its 2010 adoption of amendments to MUSER would be litigated

in this court "with no consideration of whether the issue belonged in federal rather than state court, and without submission of the complete administrative record." *See* ECF No. 55 at 2.  I am persuaded that the Department's intervention is timely and appropriate with regard to the issue of whether the 2010 MUSER amendments complied with the Maine Administrative Procedure Act.  Accordingly, the Department's Amended Motion to Intervene (ECF No. 51) is **GRANTED IN PART** and is limited to this issue. Because the Department has not demonstrated a particularized interest in whether B.S. received a free and appropriate education during his ninth and tenth grade years, the Department's Amended Motion (ECF No. 51) is **DENIED IN PART** with regard to that issue.

      SO ORDERED.

      **Dated this 28th day of September 2016.**

                                                          /s/ **Jon D. Levy**
                                                  **U.S. DISTRICT JUDGE**