UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MS. S., individually and as a parent and legal guardian of B.S., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| REGIONAL SCHOOL UNIT 72, | ) ) | 2:13-cv-00453-JDL |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF MAINE DEPARTMENT OF EDUCATION, | ) ) ) | |
| Intervenor-Defendant. | ) | |

**ORDER ON THE MAINE DEPARTMENT OF EDUCATION'S MOTION REGARDING SUBMISSION OF ADDITIONAL EVIDENCE**

The Maine Department of Education (the "Department") is an Intervenor-Defendant in this case whose participation is limited to the question of whether it complied with the Maine Administrative Procedure Act, 5 M.R.S.A. § 8001 *et seq.* (2016), when it adopted certain amendments to the Maine Unified Special Education Regulation ("MUSER") in 2010 relating to the statute of limitations for bringing due process complaints pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400, *et seq.* (2016). *See* ECF No. 56.

On October 13, 2016, a status conference was held at which I ordered the Department to compile "a record of relevant administrative and legislative proceedings that occurred in 2009 and 2010; and relevant administrative and

1

legislative proceedings that occurred from 2011 to the present." ECF No. 59 at 1. I also ordered the parties to attempt to cooperatively resolve any disputes concerning the record, and to file written objections in the event that they could not resolve such a dispute. *Id.*

The Department now seeks to add two affidavits to the administrative record. ECF No. 60. The Plaintiff, Ms. S., filed a written objection to both. ECF No. 61. The first proposed affidavit is that of a Department official "who was responsible for directing the entire rulemaking process that resulted in the change to the statute of limitations language." ECF No. 60 at 2. The second proposed affidavit is that of a different Department official "who worked in the Due Process Office" and who claims to have witnessed plaintiff's counsel file "multiple due process complaints" around the time that the statute of limitations was changed. *Id.* For the reasons explained below, the Department's request is granted with regard to the first affidavit and denied with regard to the second affidavit.

## A. The Affidavit Concerning Changes to the Statute of Limitations

The Department claims that the first affiant "was responsible for preparing the public notices relating to administrative proceedings, conducting the administrative hearing, reviewing and responding to the public comments, attending the legislative hearing, and providing information to the Education Committee during its work sessions." ECF No. 60 at 2. The Department also claims that the first affiant will testify that she "discovered that the change to the statute of limitations had been made in only two of the four places where it is referenced in the

voluminous 200 plus page regulation," and changed the final regulation that is the subject of this dispute before it was signed into effect by the Commissioner of Education in order to avoid an "internal inconsistency in the rule." *Id.* The Department contends that this evidence is critical to its legal argument. *Id.*

Ms. S. argues that the affidavit is irrelevant to the issues in this case because "the subjective intent of the Department's employee has no bearing on whether her . . . actions comported with the Maine Administrative Procedures Act." ECF No. 61 at 2. Moreover, Ms. S. argues, the U.S. Court of Appeals for the First Circuit ruled that the decision to reduce the four-year "look-back" period to two years was not inconsistent with a two year filing limitation, and thus, there was no "internal inconsistency" to avoid. *Id.* (citing *Ms. S. v. Reg'l Sch. Unit 72,* No. 15-1487, slip op. at 13 (1st Cir. July 15, 2016)).

In its opinion, the First Circuit held that the record before it was "insufficient to determine whether [the Department] adequately complied with [the Maine Administrative Procedure Act] procedures when adopting the two-year filing limitation." *Ms. S. v. Reg'l Sch. Unit 72,* No. 15-1487, slip op. at 3 (1st Cir. July 15, 2016). Therefore, the affidavit testimony about the rulemaking process that led to the adoption of the two-year filing limitation, offered by the Department's employee responsible for directing the process, may explain the reason that the final rule is arguably different than the earlier version of the rule. This question is consequential to a determination of whether the limitation is valid. Accordingly, the affidavit testimony is relevant and the Department's motion is granted as to the first affidavit.

3

**B.  Affidavit Concerning Due Process Complaint Filings by Private Counsel**

The second affidavit that the Department seeks to include in the administrative record is that of an employee who worked in the Department's Due Process Office.  ECF No. 60 at 2.  The Department claims that the affiant will testify that, around the time of the change to the statute of limitations was made, plaintiffs' counsel filed multiple due process claims requesting relief "for a period of time greater than the two years that he believed would become effective with the emergency rule."  ECF No. 60 at 2-3.  Because this evidence has no relevance to the question of whether the Department adequately complied with the Maine Administrative Procedure Act when it adopted the two-year filing limitation, I deny the Department's motion with regard to the second affidavit.

**C.  Conclusion**

For the reasons explained above, the Department's motion regarding submission of additional evidence (ECF No. 60) is **GRANTED IN PART** as to the first affidavit (concerning changes to the statute of limitations) and **DENIED IN PART** as to the second affidavit (concerning due process complaint filings by private counsel).

**SO ORDERED.**

**This 27th day of December 2016.**

                                            /s/ Jon D. Levy
                                       **U.S. DISTRICT JUDGE**