UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **MS. S.,** individually and as parent and guardian of BS, a minor, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | |
| **REGIONAL SCHOOL UNIT 72,** | ) ) | **2:13-cv-00453-JDL** |
| **Defendant,** | ) ) | |
| and | ) ) | |
| **MAINE DEPARTMENT OF EDUCATION,** | ) ) ) | |
| **Intervenor-Defendant.** | ) | |

**ORDER ON THE PLAINTIFF'S OBJECTIONS TO THE AFFIDAVIT OF JOANNE C. HOLMES**

By an order dated December 27, 2016, I granted, in part, the motion of the Intervenor-Defendant State of Maine Department of Education to supplement the administrative and legislative record. ECF No. 65. The Department subsequently filed the affidavit of Joanne C. Holmes, (ECF No. 70) ("Holmes affidavit"), a Department official who was responsible for directing the rulemaking process that is at the center of this case. *See* ECF No. 65 at 2 (quoting ECF No. 60 at 2). Because the Plaintiff objected to substantial portions of the filed affidavit, a telephonic conference was conducted on March 1, 2017, at which the Plaintiff stated her objections and the District and the Department stated their responses.

The Holmes affidavit and the administrative and legislative record were compiled by the Department after it was permitted to intervene. The preparation of the record had its genesis in the appellate decision of the First Circuit Court of Appeals in this case. *See Ms. S. v. Reg'l Sch. Unit 72*, 829 F.3d 95 (1st Cir. 2016). The Appeals Court's decision provided the following guidance regarding the development of the record:

> On remand, the district court's resolution of the validity of the two-year filing limitation rule should apply the [Maine Administrative Procedure Act, or "MAPA"]-provided judicial review framework, in keeping with the guidance provided herein. The public record for the 2009–2010 rulemaking process encompasses substantial materials far beyond those initially presented to the district court. The court may order the parties to develop the record and provide further briefing as necessary to make its determinations. We do not opine on whether materials beyond the 2009–2010 MAPA processes may be germane to the section 8058 analysis. We also do not opine on whether a certified question for the Law Court about the interplay between MAPA's various provisions may be appropriate once the record is developed.

829 F.3d at 113. The comprehensive administrative and legislative record subsequently compiled and submitted by the Department is not objected to by the parties. Plaintiff does, however, object to the Holmes Affidavit being added to the record. Having carefully considered the Plaintiff's objections and the District and Department's responses, I conclude that my December 27, 2016, Order granting the Department permission to supplement the record with Ms. Holmes' affidavit should be reconsidered for two reasons.

First, substantial portions of the Holmes affidavit (1) address matters that preceded or followed the 2009-2010 rulemaking process;[1] or (2) express Ms. Holmes' personal opinion as to the meaning or import of terms or events in the public record.[2] Thus, I conclude that substantial portions of the Holmes Affidavit exceed the scope of the authorization intended by the December 27, 2016, Order.

The second reason to reconsider the December 27, 2016, Order relates to the proper scope of the administrative and legislative record itself. The Court of Appeals indicated that "[t]he court may order the parties to develop the record and provide further briefing as necessary to make its determinations." 829 F.3d at 113. The record to which this refers is the "*public* record for the 2009-2010 rulemaking process[.]" *Id*. (emphasis added). The Holmes affidavit, however, introduces information that is outside of the public record and which may not have been known to the Committee, whose votes and ultimate decision are the focus of the judicial determination that must be made regarding the 2009-2010 rulemaking process. In addition, the accuracy and completeness of the factual assertions contained in the

---

[1] Paragraphs 5 through 12 of the Holmes affidavit describe circumstances that preceded the Department's decision to propose changes to the MUSER; and paragraphs 39 to 41 relate to events that occurred after the completion of the 2009-2010 rulemaking process. ECF No. 70 at 1-3, 6, ¶¶ 5-12, 39-41.

[2] Paragraph 27 of Ms. Holmes' affidavit opines that the requests for due process hearings filed in late January and early February 2010 were "due to parents wanting to get their requests in before the statute of limitations was reduced to two years[,]" *see id*. at 4-5, ¶ 27; paragraph 31 of Ms. Holmes' affidavit expresses her opinion as to the legal effect of the various votes taken by the Committee on Education and Cultural Affairs; paragraphs 32 and 33 set forth Ms. Holmes' opinion about the meaning of the term "statute of limitations"; paragraph 35 presents her explanation that she changed § XVI.13.E of the provisionally-adopted amendment to MUSER "to make it consistent with the federal standard of a two year statute of limitations," without any mention of whether the Department knew of or supported such a change, *see id*. at 5-6, ¶ 35; and paragraph 37 explains Ms. Holmes' opinion that if she did not revise the rule, the rule would be internally inconsistent.

3

Holmes affidavit have not been subject to the testing afforded by discovery and cross-examination.

For the foregoing reasons, I conclude that the Order of December 27, 2016, (ECF No. 65) must be reconsidered and, having reconsidered it, I further conclude that the Department's Motion Regarding Submission of Additional Evidence (ECF No. 60) should be **DENIED** in its entirety. Accordingly, the Affidavit of Joanne C. Holmes (ECF No. 70) is **STRICKEN** from the administrative and legislative record.

**SO ORDERED.**

Dated this 21st day of March 2017.

                                                                /s/ JON D. LEVY
                                                             **U.S. DISTRICT JUDGE**