UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MS. S., individually and as parent, and legal guardian of BS, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) 2:13-cv-00453-JDL ) |
| REGIONAL SCHOOL UNIT 72, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| MAINE DEPARTMENT OF EDUCATION, | ) ) ) |
| Intervenor. | ) |

**CERTIFICATE OF QUESTIONS OF STATE LAW TO THE MAINE SUPREME JUDICIAL COURT SITTING AS THE LAW COURT**

This case involves two questions of law of the State of Maine that may be determinative of the case and for which there are no clear controlling precedents in the decisions of the Maine Supreme Judicial Court. As recognized in *Dinan v. Alpha Networks, Inc.*, federal-state comity is promoted where "the state court of last resort [is] given opportunity to decide state law issues on which there are no state precedents which are controlling or clearly indicative of the developmental course of the state law." *Dinan v. Alpha Networks, Inc.*, 2013 ME 22, ¶ 12, 60 A.3d 792 (quoting *White v. Edgar*, 320 A.2d 668, 675 (Me. 1974)). Accordingly, for the reasons explained below, I hereby certify two questions to the Maine Supreme Judicial Court sitting as

1

the Law Court and respectfully request the Law Court to provide instructions concerning these questions of state law pursuant to 4 M.R.S.A. § 57 (2016) and Maine Rule of Appellate Procedure 25.

## I. BACKGROUND

In May 2013, the Plaintiff, Ms. S., filed a request for a due process hearing with the Maine Department of Education on behalf of her son, B.S., regarding alleged violations of the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C.A. § 1400, *et seq.* (2016). Ms. S. claimed that the violations took place during BS's ninth grade through twelfth grade years when BS was a student in Regional School Unit 72 (the "School District").

The hearing officer granted Ms. S. a limited compensatory remedy related to a one-month period following BS's dismissal from high school in December 2011, but otherwise found no violations of IDEA as to BS's eleventh and twelfth grade years. The hearing officer dismissed the claims related to BS's ninth and tenth grade years as time-barred under § XVI.13.E of the Maine Unified Special Education Regulation ("MUSER"), 05-071 C.M.R. ch. 101, a filing limitation that requires claims to be brought within two years of when a parent knew or should have known of an IDEA violation:

> A parent or [School Administrative Unit] must request an impartial hearing on their due process hearing request within two years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the due process hearing request.

05-071 C.M.R. ch. 101, § XVI.13.E (2017). When Ms. S. then argued that the two-year filing limitation is void because it was not passed in compliance with the Maine

Administrative Procedure Act, 5 M.R.S.A. §§ 8001-11008 (2016), the hearing officer determined that he lacked the authority to consider the issue. The questions presented by this certificate concern the validity of this provision.

Ms. S. sought judicial review in the U.S. District Court, contending with respect to B.S.'s ninth and tenth grade years that the two-year filing limitation was void and has no legal effect. Her argument encompassed two different MUSER provisions: (1) the filing limitation contained in MUSER § XVI.13.E, which is quoted above; and (2) a "look-back term" contained in MUSER § XVI.5.A(2) that limits how far back in time a claim may reach once a parent knows or should have known of an alleged violation:

> The due process hearing request must allege a violation that occurred not more than two years before the date the parent or [School Administrative Unit] knew or should have known about the alleged action that forms the basis of the due process hearing request.

05-071 C.M.R. ch. 101, § XVI.5.A(2) (2017).

Prior to January 2010, both the filing limitation and the look-back term specified four year periods. 05-071 C.M.R. ch. 101, §§ XVI.5.A(2), XVI.13.E (Lexis Nexis 2009). In January 2010, the Maine Department of Education submitted to the Maine Legislature an emergency regulation that contained multiple amendments to the MUSER, including an amendment that reduced the § XVI.5.A(2)'s look-back term from four to two years. *See* Dep't of Educ., State of Me., 05-071 Ch. 101, Maine Unified Special Education Regulation, Birth to Age Twenty, Emergency Regulation, January 19, 2010, 147. The emergency regulation made no change to § XVI.13.E's four-year filing limitation. *Id.* at 157. The Maine Legislature subsequently approved

the emergency regulation as proposed by the Department of Education. *See* L.D. 1741 (124th Legis. 2010). When the Department of Education issued the finally-adopted regulations as approved by the Maine Legislature, in November 2010, it also revised the text of § XVI.13.E so as to reduce the filing limitation period from four to two years. *See* Dep't of Educ., State of Me., 05-071 Ch. 101, Maine Unified Special Education Regulation, Birth to Age Twenty, Final Adoption, 2010, 162.

The Legislature passed three legislative resolves after 2010, each containing amendments to MUSER but none of which addressed or altered the two-year filing limitation contained in § XVI.13.E. *See* L.D. 106, 125th Leg. (2011); L.D. 1724, 125th Leg. (2012); L.D. 323, 126th Leg. (2013). In 2011, the Legislature specifically declined to pass a resolve that would have changed the filing limitation from two to six years. *See* L.D. 662, 125th Legislature (2011); S. Leg. Rec., 125th Leg., 1st Reg. Sess. at S-684-685; H.R. Leg. Rec., 125th Leg., 1st Reg. Sess. at H-420.

Ms. S. argues that the Department of Education's revision of the text of § XVI.13.E in November 2010 so as to reduce the filing limitation period from four to two years was a substantive change under the Maine Administrative Procedure Act, 5 M.R.S.A. §§ 8052, 8072 (2016). Consequently, she contends that the Department of Education was required, but failed, to publish the new regulation, to provide notice for public comment, and to submit the filing limitation change to the Maine Legislature for review and approval. Because the Department of Education failed to comply with these provisions, Ms. S. argues that the two-year filing limitation

4

contained in § XVI.13.E is void under §§ 8057 and 8072 of the Maine Administrative Procedure Act and has no legal effect.

The School District argues that the two-year filing limitation is valid because the Maine Department of Education explicitly stated that its purpose was to align Maine's limitation period with IDEA's two-year period, 20 U.S.C.A. § 1415(f)(3)(C) (2016), when it proposed the 2010 MUSER amendments, and the Maine Legislature intended to amend both the filing limitation and the look-back period from four to two years to harmonize the state and federal requirements when it approved the emergency regulation in 2010. *See* Dep't of Educ., State of Me., Notice of Agency Rule-making Proposal, Proposed Rule Number 98-P, Nov. 24, 2009. Testimony of Susan A. Gendron, Commissioner, Maine Department of Education, In Support of L.D. 1741, Feb. 8, 2010. The School District also notes that in 2011, the Maine Legislature declined to pass a resolve that would have changed the filing limitation from two to six years, and that this refusal makes clear the Legislature's recognition of a two-year filing limitation under § XVI.13.E *See* L.D. 662, 125th Legislature (2011); S. Leg. Rec., 125th Leg., 1st Reg. Sess. at S-684-685; H.R. Leg. Rec., 125th Leg., 1st Reg. Sess. at H-420. Finally, the School District also argues that if the 2010 filing limitation amendment is invalid, then the State of Maine had no filing limitation period in effect for IDEA claims, and the controlling limitation period would instead be the two-year limitation period found in the IDEA at § 1415(f)(3)(C), which controls in the event that a participating State does not have a limitation period in effect.

## II. PROCEDURAL HISTORY

Ms. S's federal complaint was referred to Magistrate Judge John H. Rich III., who issued a Recommended Decision dated July 31, 2014, that concluded that the Maine Department of Education's unilateral change to the filing limitation in § XVI.13.E was ineffective, reasoning that the change was not consistent with the language that had been presented to the Maine Legislature and upon which the Legislature voted. However, the Magistrate Judge also determined that the Maine Legislature subsequently adopted the two-year filing limitation when it passed two legislative resolves in 2011 that re-adopted the MUSER with amendments. L.D. 106, 125th Leg. (2011); L.D. 1724, 125th Leg. (2012).[1] Thus, the Magistrate Judge reasoned, the two-year filing limitation in § XVI.13.E had been submitted to and approved by the Maine Legislature on both occasions and was therefore valid and applied to Ms. S.'s request for a due process hearing.

By an order dated March 31, 2015, I adopted the conclusions and recommendation of the Magistrate Judge and determined, in pertinent part, that the two-year filing limitation contained in § XVI.13.E was valid and that Ms. S. did not qualify for an exception to it. *See Ms. S. v. Reg'l Sch. Unit 72,* 2015 WL 1486757, at * 3 (D. Me. Mar. 31, 2015). I also adopted the Magistrate Judge's recommendation that rejected Ms. S's additional argument that even if the two-year limitations period

---

[1] The Magistrate Judge did not discuss the third resolve, L.D. 323, 126th Leg. (2013). *See* ECF No. 31 at 16-17.

is in effect, it should not be applied so as to bar her claims based on the so-called "specific misrepresentations exceptions" set forth in § XVI.13.F.  *Id.*

Ms. S. then appealed to the United States Court of Appeals for the First Circuit, which affirmed the judgment in part as to the finding of no IDEA violations in B.S.'s eleventh and twelfth grade years, but vacated the judgment in part as to B.S.'s ninth and tenth grade years, determining that the district court erred in its analysis of the validity of the two-year filing limitation, and, in particular, whether the Maine Department of Education complied with the requirements of the Maine Administrative Procedure Act, 5 M.R.S.A. §§ 8001-11008. *Ms. S. v. Reg'l Sch. Unit 72,* 829 F.3d 95 (1st Cir. 2016). The Court of Appeals remanded the case with instructions for the District Court to apply the judicial review framework in §§ 8058 and 8072 of the Maine Administrative Procedure Act, which govern judicial review of rules and legislative review of major substantive rules, respectively.

In September 2016, I granted the Maine Department of Education's motion to intervene in the case, limiting that intervention to the issue of the validity of the two-year filing deadline contained in § XVI.13.E.  I also ordered the Department of Education to compile a record of relevant administrative and legislative proceedings that occurred in 2009 and 2010, plus relevant administrative and legislative proceedings that occurred from 2011 to the present.  The parties subsequently submitted a stipulation, setting forth two questions of law for certification to the Law Court.

### III. STANDARD FOR CERTIFICATION OF A QUESTION OF LAW

"Consideration of the merits of certified questions is not automatic." *Dinan v. Alpha Networks Inc.,* 857 F. Supp. 2d 162, 169 (D. Me. 2012) (quoting *Brown v. Crown Equip. Corp.,* 2008 ME 186, ¶ 12, 960 A.2d 1188) (quotation marks omitted). The Law Court has discretion to exercise jurisdiction over a question where "(1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) [its] answer, in at least one alternative, would be determinative of the case." *Darney v. Dragon Prods. Co., LLC,* 2010 ME 39, ¶ 10, 994 A.2d 804 (quoting *Brown,* 2008 ME 186, ¶ 12, 960 A.2d 1188).

Here, the conditions for certification are met. There are no issues of material fact in dispute pertaining to the two-year filing limitation. Further, there is no clear, controlling precedent in the decisions of the Law Court that addresses the validity of the two-year filing limitation contained in § XVI.13.E of MUSER. Moreover, if the Law Court determines that the two-year filing limitation is valid, Ms. S's request for a due process hearing as to B.S.'s ninth and tenth grade years will be time-barred and a judgment will issue in favor of the School District as to those claims.

### IV. QUESTIONS OF LAW TO BE ANSWERED

The parties have stipulated to, and I hereby adopt, the following two questions of law:

1. Was the 2010 amendment to section XVI.13.E (and the corresponding section of Appendix 1) of the Maine Unified Special Education Regulations, Me. Code. R. 05-071, Ch. 101, valid under the Maine Administrative Procedure Act?

    2. If the 2010 amendment to section XVI.13.E was invalid under the Maine Administrative Procedure Act, then what time limitation(s) governed the filing of requests for a special education due process hearing under Maine law from 2010 on?

Accordingly, this Court **CERTIFIES** these questions to the Maine Supreme Judicial Court sitting as the Law Court and respectfully requests the Law Court to provide instructions concerning such questions of state law pursuant to 4 M.R.S.A. § 57 and Rule 25 of the Maine Rules of Appellate Procedure. In accordance with Maine Rule of Appellate Procedure 25(b), I respectfully suggest that the Plaintiff, Ms. S., be treated as the appellant before the Maine Supreme Judicial Court sitting as the Law Court. The Administrative Record is attached as Appendix A.

The Clerk of this Court is **DIRECTED** to cause twelve (12) copies of this Order and the Appendix to be certified, under official seal, to the Maine Supreme Judicial Court sitting as the Law Court. It is further **ORDERED** that the Clerk of this Court is authorized and directed to provide, without any costs to the Law Court, upon written request of the Chief Justice or the Clerk thereof, copies of any and all filings of the parties herein and of the docket entries pertaining to this case.

    **SO ORDERED.**

    **Dated this 21st day of March, 2017.**

                                                     /s/ **Jon D. Levy**
                                                    **U.S. DISTRICT JUDGE**